J. P. CAMPBELL, *Plaintiff in Error,* v. McLAURIN INVESTMENT COMPANY, A CORPORATION, *Defendant in Error.*

## Opinion Filed June 26, 1913.

Where a tenant agrees to make a lease of adjoining premises of the lessor at a higher rental, and agrees to execute the new lease and to move into the new premises in a given time, but to be liable for rental for only one of the places at any time, if before the time for the new rental to begin as agreed the lessee moves a large part of his stock into the new premises, on the invitation of the lessor and without consideration, it is not unlawful for the lessor to require without malice or bad faith the new lease to be executed and the new premises occupied and the higher rental to be paid therefor before the time originally agreed on. And the allegations of incidental inconvenience or expense resulting to the lessee because of his moving a large part of his stock into the new premises before the expiration of the time allowed by his contract for executing the new lease and occupying the new premises, do not state a cause of action for damages against the lessor who is not alleged to have acted in bad faith or maliciously.

Writ of error to Circuit Court of Duval County; Geo. Couper Gibbs, Judge.

Judgment affirmed.

*Marks, Marks & Holt,* for Plaintiff in error;

*W. M. Bostwick, Jr.,* for Defendant in error.

WHITFIELD, J.—This writ of error was taken to a final judgment rendered upon sustaining a demurrer to a declaration.

The amended first count of the declaration alleges the execution by Campbell, the plaintiff, and the corporation, of an agreement to lease for mercantile purposes premises known as 218 East Bay Street, Jacksonville, said premises being in the same building and next adjacent to the premises then occupied by plaintiff Campbell under lease from the defendant, the new lease at an increased rental to be executed and the premises accepted by lessee within 30 days from the completion of certain repairs by the lessor to the bottom floor and foundations, the old lease to be cancelled immediately upon lessee taking possession and assuming the new lease, the lessee "at no time to pay rental on other than one property;" that after the execution of the agreement to lease and before the lessor had completed the repairs, the lessee at the request of the lessor moved a large portion of his stock into the new premises, and thereafter about the time the lessor had completed the repairs, before the lessee had his 30 days allowed for accepting the premises and executing the new lease, the lessor who had control of said premises, "did wrongfully refuse to allow plaintiff to complete the moving of his said stock from his former place of business into

said premises, * * * until plaintiff should execute and assume the new lease," thereby causing plaintiff to pay $26.67 more under the new lease than he would have paid under the lease if his moving had not been accelerated by the defendant.

This count alleges that the plaintiff lessee at the request of defendant lessor "moved a large portion of his stock into the (new) premises" before the expiration of the 30 days after the completion of the repairs. As "large portions" of lessee's stock was by consent moved into the new premises and as only one rental was to be paid, the plaintiff was apparently not unreasonably or wrongfully "forced to accede to defendant's demands and execute the new lease before defendant was properly entitled to the same." The demand of the increased rental was not unlawful under these circumstances, and the demurrer to the first count was properly sustained.

The amended second count alleges that the agreement to lease contained a provision that "all partitions standing on said premises at the time of the signing of this lease are to remain subject to Campbell's use or disposition;" that certain partitions, &c., standing when *the agreement to lease* was executed were taken away by defendant "before said premises were actually leased to plaintiff," and "that in order to place said premises in the condition in which defendant had promised and agreed to turn same over to him," he was forced to restore the same at a cost of $74.34. Even if the provision as to partitions had reference to the signing of the *agreement* and not to the execution of the lease, it does not appear that the lease under which the plaintiff occupied the premises did not in fact cover this matter, even if it can be assumed that the restoration of the partitions, &c.,

were needed by or useful to the plaintiff in his business. The demurrer to the second count was well taken.

The amended third count is predicated upon an alleged breach by the defendant of an agreement "to make such an opening in the brick fire wall separating the second floor of the" new from the old premises "in order to expedite the movement of Campbell's goods." It is alleged that the defendant opened the wall and "did thereupon request plaintiff to move his stock of goods, or so much thereof as was practical, through the said opening," "and said defendant did knowingly suffer and permit plaintiff to move into said second floor" of the new premises, "a large portion of plaintiff's stock of machinery, pumps, supplies, &c., of the value of to-wit $15,000.00 * * * but the plaintiff refrained from moving into said premises a large part of his heavy machinery until certain that the lower floor foundations and under-pinnings of said premises were fully repaired and capable of supporting such weight;" "that shortly thereafter before defendant had turned said premises over to plaintiff," the defendant "wrongfully caused the said opening in said brick fire wall to be built up and closed, while and when the moving of plaintiff's goods was yet incomplete and unfinished, and for a great space of time, to-wit, twelve days defendant refused to re-open or allow the plaintiff to re-open the said brick fire wall, thereby preventing the plaintiff from moving the remainder of his said stock of goods or from moving back that portion which had been so moved, and thereby separating plaintiff from and cutting off his access to that portion of his stock already moved as aforesaid, which portion of his stock was thereby rendered inaccessible to the plaintiff for the purposes of his business during said space of time of twelve days, for there was no other practical way of approach thereto open to the plain-

tiff, and the said goods were necessary to plaintiff in the conduct of his business, and by reason of the defendant's said breach of its promises and obligations plaintiff suffered great loss of time, loss of profits, expense and damages to the good will of himself and his said business, being hindered and prevented from showing and offering for sale portions of said goods so rendered inaccessible to him, having to decline orders, having to fill orders elsewhere at greater cost, etc. And thereafter, to-wit, thirteen days later, defendant allowed plaintiff to re-open said brick fire wall, which labor together with the reclosing of same thereafter, plaintiff had performed at a cost of $6.25." Damages in $1,000.00 were claimed in this count apparently under the allegations of "loss of profits, expense and damages," &c.

From the allegations of this count it seems apparent that the defendant without consideration permitted the plaintiff to move into the new premises a portion of his stock before the lease of the new premises began, and it does not appear that the opening in the fire wall was maliciously closed before the lease began or was kept closed after the new lease became effective, so as to give the plaintiff a cause of action for inconvenience or loss of business. If there is a right of action for the $6.25 alleged to have been spent by the plaintiff in opening or closing the space in the wall, it is cognizable in an inferior court. There was no error in sustaining the demurrer to the amended third count..

The above discussion is applicable to the amended fourth count which alleges damages for being deprived for a few days of the use of goods moved into the new premises apparently before the execution of the new lease. No bad faith or illegal act of the defendant is sufficiently alleged and no consideration moved from the plaintiff to

the defendant for the license granted of moving goods into the new premises before the new lease began.

The demurrers to the several counts of the declaration were properly sustained and the judgment thereon for the defendant is affirmed.

SHACKLEFORD, C. J. AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.